# Exhibit A

## DEPARTMENT OF EMPLOYMENT SERVICES

### NOTICE OF FINAL RULEMAKING

The Director of the Department of Employment Services gives notice of final action to adopt a new Chapter 16 in Title 4 DCMR. This new Chapter provides for the implementation of the Family and Medical Leave Act of 1990, D.C. Law 8-181 (D.C. Code §36-1301 et seq., 1991 Supp.) which entitles eligible employees in the District of Columbia to up to sixteen (16) weeks of unpaid Family Leave and up to sixteen (16) weeks of unpaid Medical Leave. Only minor technical and clarifying changes have been made to the text of the proposed rules, as published with a Notice of Proposed Rulemaking in the D.C. Register on March 29, 1991.

Pursuant to Section 18(a) of D.C. Law 8-181, these rules were forwarded to the Council of the District of Columbia at the same time that they were sent to the D.C. Register for publication. On June 4, 1991, the Council approved this rulemaking as it was submitted.

These final rules will take effect upon publication in the Register.

### CHAPTER 16 FAMILY AND MEDICAL LEAVE

1600        AUTHORITY AND PURPOSE

1600.1      The provisions of this chapter are promulgated to implement the District of Columbia Family and Medical Leave Act of 1990 (D.C. Law 8-181, effective October 3, 1990; D.C. Code §36-1301 et seq., 1991 Supp.).

1600.2      The Director of the Department of Employment Services, under Mayor's Order No. 91-38, effective March 14, 1991, is delegated the authority to issue rules to implement the act.

1600.3      The Director of the Department of Human Rights and Minority Business Development, under Mayor's Order 91-38, effective March 14, 1991, is delegated the authority to administer the act and the provisions of this chapter.

1600.4      This chapter is remedial in nature and is to be construed liberally in favor of the employee.

District of Columbia Register

JUL 12 1991

1601        **APPLICABILITY**

1601.1      This chapter is applicable to all employers in the
            District of Columbia employing fifty (50) or more
            persons in the District of Columbia on or after April
            1, 1991, provided however, that this chapter shall
            not apply to the United States Government as an
            employer.

1601.2      An eligible employee shall be granted leave in
            accordance with the provisions of the act on or after
            April 1, 1991.

1601.3      No leave granted to an employee prior to April 1,
            1991, shall be considered leave under the act.

1601.4      An employer may grant leave to an eligible employee
            on a basis that is more generous than that required
            by the act.

1602        **NOTICE TO BE PROVIDED TO EMPLOYEES**

1602.1      The Department shall provide to employers and
            employees information regarding their rights and
            obligations under the act.

1602.2      The Department shall publish in the Register, the
            notice required by §12 of the act.

1602.3      Employers shall conspicuously post and maintain a
            copy of the notice to employees providing pertinent
            information on the act as required by §12 of the act
            (D.C. Code §36-1311(a), 1991 Supp.).

1603        **MEDIATION**

1603.1      An aggrieved person filing a complaint under the act
            with the Department may elect to have the complaint
            mediated as an alternative to the investigative
            process.

1603.2      Mediation enables the parties to discuss the issues
            of the complaint with trained, experienced mediators
            in an effort to reach an agreement that satisfies the
            interests of all concerned.

1603.3      Mediation is a voluntary process.  If at any time
            either of the parties declines to participate in the
            mediation process, the Department will proceed with
            the investigation.

District of Columbia Register                                            JUL 1 2 1991

1603.4   If an agreement is not reached through mediation
         within thirty (30) days, mediation will cease and the
         Department will continue with the investigation.

1604     INVESTIGATION

1604.1   An aggrieved person shall file a written complaint
         with the Department alleging a violation of the act
         within one (1) year of the occurrence or the
         discovery thereof.

1604.2   The Department shall serve a copy of the complaint on
         the respondent employer by certified mail within five
         (5) business days of the date the complaint was
         filed.

1604.3   The respondent shall file a response to the complaint
         with the Department within ten (10) calendar days
         from receipt of the complaint.

1604.4   The Department shall investigate the complaint and,
         where necessary, conduct a hearing to decide if
         violations of the act occurred.

1604.5   The Department may accept statements of evidence with
         respect to the allegations made in the complaint and
         the response of the employer.  The Department shall
         use such means as it deems suitable to conduct an
         investigation including, but not to limited to,
         written or oral inquiry, field visits, fact-finding
         conferences, or other methods or combination of
         methods, pursuant to the District of Columbia
         Administrative Procedure Act (D.C. Code $1-1501 et
         seq., 1987 Repl.).

1604.6   The investigation shall be completed within thirty
         (30) days of its commencement or as soon as
         practicable thereafter.

1604.7   The Department shall issue a written determination as
         to whether there exists probable cause to believe
         that a violation of the act occurred.  All
         determinations shall be supported by substantial
         evidence.

1604.8   The complaint shall be deemed dismissed if no
         probable cause is found and the complainant may seek
         whatever judicial review may be available pursuant to
         $10(c) of the Act (D.C. Code $36-1309(c), 1991
         Supp.).

Case 1:10-cv-02025-RMC   Document 34-1   Filed 09/09/11   Page 5 of 11

District of Columbia Register

JUL 12 1991



1604.9   The Department shall serve on the parties a determination that probable cause exists to conclude that a violation of the act has occurred, together with a Notice of Hearing setting a hearing date on the alleged violation of the act.

1604.10  The Department shall schedule a hearing to be held within thirty (30) days following a determination of probable cause or as soon as practicable thereafter.

1605     HEARINGS

1605.1   Hearings shall be conducted in accordance with the District of Columbia Administrative Procedure Act (D.C. Code §1-1501, et seq., 1987 Repl.) and shall be conducted by Hearing Examiners employed by the Department.

1605.2   Discovery may be obtained through any of the following methods, provided however, that all requests for discovery must be filed with the Department and served on the adverse party no later than fifteen (15) calendar days prior to the hearing:

         (a) Deposition upon oral examination or written questions;

         (b) Written interrogatories;

         (c) Request for production of documents, objects, or permission to enter upon premises for inspection;

         (d) Physical or mental examination by a qualified practitioner; or

         (e) Requests for admissions.

1605.3   If a party fails to answer a request for discovery, the requesting party may move for an Order from the Hearing Examiner compelling discovery by written request served on the adverse party.  The requesting party must show a substantial need for requested material and the inability to obtain the material by alternate means.  An evasive or incomplete answer to a request for discovery shall be deemed a failure to answer.  The party resisting discovery may serve a response on the Department and the adverse party within five (5) calendar days of the original request for an Order.



1605.4    The Hearing Examiner may issue an Order compelling
          the discovery, limiting its scope, issuing a
          protective order, or granting such other relief as
          the case and the interests of justice demand.

1605.5    Any party may request that the Hearing Examiner issue
          a subpoena compelling the appearance and testimony of
          a witness or the production of documents.  The
          application for any subpoena shall state, with
          particularity, the testimony or evidence being
          sought, and the time and place for production.
          Challenges to the issuance of subpoenas shall be by
          written Motion to Quash filed with the Department and
          served on the adverse party within five (5) calendar
          days of the service of the subpoena on the party
          challenging the subpoena.

1605.6    The Hearing Examiner shall have the same powers and
          remedies available in ruling on challenges to
          subpoenas as in ruling on challenges to discovery.

1605.7    A party that fails to obey the Order of the Hearing
          Examiner with respect to discovery or a subpoena,
          shall be subject to those sanctions or remedies which
          exist for similar failures to obey orders in civil
          cases in the Superior Court of the District of
          Columbia.

1605.8    Pre-Hearing Statements, if any, shall be filed by the
          parties at least ten (10) calendar days prior to the
          scheduled hearing date and served on the opposing
          party.

1605.9    Hearings shall be conducted in an impartial manner.
          The Hearing Examiner may ask questions of witnesses,
          request the submission of additional documents or
          other evidence, may issue subpoenas for witnesses who
          refuse to attend, and may otherwise act to ensure
          both the protection of the substantive rights of the
          parties and the presentation of all relevant issues
          necessary for consideration and decision.

1605.10   The party alleging violation of the act bears the
          burden of coming forward with evidence to establish a
          prima facie case that the act was violated.  Once a
          prima facie case is established, the respondent
          employer shall bear the burden of producing evidence
          to the contrary.  The complainant shall bear the
          burden of proof that the violations of the act
          occurred.





1605.11   If either party fails to appear without good cause, the Hearing Examiner may hold that party in default, or may go forward with the hearing and decide the case on the basis of the record and the evidence presented by the appearing party.

1605.12   The Hearing Examiner may exclude evidence from the record if it is incompetent, irrelevant, immaterial, or unduly repetitious.

1605.13   Admissions or representations made in connection with prior settlement negotiations shall be excluded from the record.

1605.14   Hearsay evidence may be admitted into the record at the discretion of the Hearing Examiner and accorded such weight as the Hearing Examiner deems warranted by the circumstances.

1605.15   The parties may stipulate as to any matter of fact. A stipulation shall satisfy a party's burden of proving that fact.

1605.16   The Hearing Examiner may, on the motion of a party or sua sponte, take official notice of matters of common knowledge, or of any information contained in the records of the Department or of other matters that can be verified.  Official notice of any fact shall satisfy a party's burden of proving that fact.

1605.17   When a witness is unavailable, as defined by the Civil Rules of the Superior Court of the District of Columbia, to testify in person, or upon the agreement of the parties, the Hearing Examiner may admit the content of the proferred testimony, in an alternate form, such as the following:

(a) An affidavit attested to by the witness;

(b) A transcript of the deposition of the witness; or

(c) Written responses by the witness to interro- gatories propounded by the parties.

1605.18   Whenever a party desires to seek the admission of an alternate form of testimony, the Hearing Examiner shall require that party to provide notice and evidence of the witnesses' unavailability as well as a proffer of the relevance of the testimony.

JUL 12 1991

1605.19   Hearing Examiners shall issue decisions and orders, accompanied by appropriate findings of fact and conclusions of law.  In accordance with §10 of the act (D.C. Code §36-1309, 1991 Supp.) decisions shall address, where appropriate, the following points:

(a) Whether a violation of the act occurred;

(b) Whether the employer shall pay the employee damages and in what amount;

(c) Any reduction in damages for an employer who acted in good faith and has reasonable grounds to conclude that its conduct was not violative of the act; and

(d) Any award of costs and reasonable attorney fees to the prevailing party.

1606      EMPLOYER RECORDS

1606.1    Each employer subject to the act shall maintain records which document on an annual basis:

(a)  The total number of employees who have taken leave pursuant to the act;

(b)  The annual additional cost to the employer for the expenses incurred to replace an employee during the time the employee is on leave granted pursuant to the act;

(c)  The annual additional cost incurred to pay for the employee's health insurance during the time the employee is on leave granted pursuant to the act;

(d)  The length of leave taken by an employee pursuant to the act;

(e)  The reason(s) an employee took leave pursuant to act;

(f)  The salary, hourly wage or grade level of the employee who has taken leave pursuant to the act;

(g)  The employee's request and supporting documents for leave requested pursuant to the act; and

(h)  The employer's disposition of the employee's request for leave pursuant to the act.



1606.2   The employer shall preserve the confidentiality of information relating to the circumstances and the particular reasons for an employee's request for leave pursuant to the act.

1606.3   Employer records relating to leave requests made pursuant to the act shall be available for inspection by a representative of the Department during an employer's regular business hours at the employer's place of business in the District of Columbia as required by §9(a) of the act (D.C. Code § 36-1308(a), 1991 Supp.).

1606.4   Employers shall report on an annual basis a summary of leave actions taken pursuant to the act at such time and in such form as the Department may prescribe.

1607     CLAIMS FOR LEAVE

1607.1   An eligible employee shall provide the employer with reasonable notice for leave claimed under the act.

1607.2   An employer may require that an employee support a claim for Family Leave under the act for the care of a family member who has a serious health condition by submitting a medical certification issued by the family member's health care provider.

1607.3   An employer may require that a claim for Medical Leave under the act for an eligible employee who has a serious health condition be supported by a medical certification issued by the employee's health care provider.

1607.4   The medical certification shall state the following:

(a) The date on which the serious health condition began;

(b) The probable duration of the condition; and

(c) The appropriate medical facts known to the health care provider that would entitle the eligible employee to leave under the act.

1607.5   The medical certification, if required by the employer for Family Leave, shall contain, in addition to the information required in §1607.4 of this chapter, an estimate of the amount of time that the eligible employee is needed to care for the family member.

District of Columbia Register

JUL 12 1991

1607.6   The medical certification, if required by the
employer for Medical Leave, shall contain, in
addition to the information required in §1607.4 of
this chapter, an explanation of the extent to which
the eligible employee is unable to perform the
functions of their job.

1607.7   The employer may require that the eligible employee
reduce the claim for leave under the act to writing.

1608     REASONABLE NOTICE TO BE PROVIDED TO EMPLOYER

1608.1   If an employee had or reasonably should have had at
least thirty (30) days notice of the need for Family
or Medical Leave, the employee shall notify the
employer of his or her intention to take Family or
Medical Leave at least thirty (30) days before the
employee wishes the leave to begin.

1608.2   If an employee could not reasonably have foreseen the
need for Family or Medical Leave at least thirty (30)
days in advance, the employee shall notify the
employer of the need for leave as soon as possible
prior to the date on which the employee wishes the
leave to begin.

1608.3   If an emergency prevents an employee from notifying
the employer of the need for Family or Medical Leave
prior to the first day of absence, the employee must
request Family or Medical Leave from the employer not
later than two (2) business days after the absence
begins.

1609     DEFINITIONS

1609.1   The definitions found in §2 of the act (D.C. Code
§36-1301, 1991 Supp.), shall apply to this chapter.
In addition, the following terms shall have the
meaning ascribed:

Act - the District of Columbia Family and Medical Leave Act of
1990 (D.C. Law 8-181, effective October 3, 1990, D.C. Code
§36-1301 et seq., 1991 Supp.).

Child - a person under twenty-one (21) years of age, and also
persons who, though twenty-one (21) years of age or older, are
substantially dependent upon the employee by reason of physical
or mental disability, and persons who are under twenty-three
(23) years of age and are full-time students at an accredited
college or university.

District of Columbia Register

Committed relationship – a familial relationship between two
individuals demonstrated by such factors as, but not limited
to, mutual economic interdependence including joint bank
accounts, joint tenancy, shared lease, and joint and mutual
financial obligations such as loans; domestic interdependence
including close association, public presentment of the
relationship, exclusiveness of the relationship; length of the
relationship, and the intent of the relationship as evidenced
by a will or life insurance.

Department – the Department of Human Rights and Minority
Business Development.

Eligible employee – an individual who has been employed by an
employer subject to this chapter for at least twelve (12)
months prior to the making of a request for leave under this
chapter and who has been paid for at least one thousand (1,000)
hours of work during the twelve (12) months prior to the
request for leave under this chapter.

Family member – a person to whom the eligible employee is
related by blood, legal custody, or marriage; a foster child; a
child who lives with an eligible employee and for whom the
eligible employee permanently assumes and discharges parental
responsibility; or a person with whom the eligible employee
shares or has shared, within the last year, a mutual residence
and with whom the eligible employee maintains a committed
relationship.

4359